UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES for the use and benefit of DEFENDER SERVICES, INC., | ) ) ) | |
| *Plaintiff*, | ) ) | 1:06-CV-95 |
| v. | ) ) | Chief Judge Curtis L. Collier |
| PANTHER CONSTRUCTION CO, INC., *et al.*, | ) ) ) ) | |
| *Defendants*. | ) | |

**O R D E R**

Before the Court is Plaintiff Defender Services, Inc.'s ("Plaintiff") motion to continue trial date and to suspend scheduling order (Court File No. 57). Specifically, Plaintiff requests the current trial date of July 31, 2007 be continued and the current scheduling order (Court File No. 25) be suspended until such time as any of the Defendants appear in this action or such time as Plaintiff seeks entry of default against Defendants.

As grounds, Plaintiff contends that since the Court entered a scheduling order in this matter on August 11, 2006 (Court File No. 25), Plaintiff filed its First Amended Complaint on April 3, 2007 which: (1) added claims against two existing Defendants, KTL Contractors Corporation ("KTL") and Mathis Companies, Inc. ("Mathis Companies"), and (2) joined two additional Defendants, Reuben Mitchell ("Mr. Mitchell") and James Mathis ("Mr. Mathis") (Court File No. 46). Plaintiff served Defendants Mathis Companies and Mr. Mathis on April 13, 2007 (Court File Nos. 48 & 49). At his request, the Magistrate Judge granted Mr. Mathis more time to retain an attorney and respond to Plaintiff's First Amended Complaint (Court File No. 56). Pursuant to Court order, Mr. Mathis

has until June 21, 2007 to respond to Plaintiff's First Amended Complaint (*Id.*).[1] Despite many attempts, Plaintiff has not yet served Mr. Mitchell personally or on behalf of KTL with a copy of the First Amended Complaint (Court File No. 57). Plaintiff also asserts that in the near future: (1) it likely will resolve its disputes with Defendant Panther Construction Co. ("Panther"), and (2) it will possibly seek default judgment against one or more of the other Defendants (*Id.*). Additionally, it is likely the newly added parties will be prejudiced by a July trial date.

In light of the circumstances, the Court finds Plaintiff has shown good cause to justify a continuance of the trial date. Therefore, although the Court generally holds parties to the trial dates they have chosen, the Court **GRANTS** Plaintiff's motion to continue and **ORDERS** the current date for the final pretrial conference, July 9, 2007, as well as the current trial date, July 31, 2007, are terminated. However, the Court **DENIES** Plaintiff's motion to suspend the current scheduling order. Instead, the Court will set another scheduling conference when appropriate.

       **SO ORDERED.**

       **ENTER:**

                                            **/s/**
                                            **CURTIS L. COLLIER**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Since a corporation cannot appear in federal court except through a licensed attorney, the Magistrate Judge denied Mathis Companies' similar request since Mr. Mathis, an officer of the corporation, was asserting it (Court File No. 56).