UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEFENDER SERVICES INC., ) | |
| ) | Case No. 1:06-CV-95 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MATHIS COMPANIES, INC., and ) | |
| JAMES F. MATHIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Before the Court is the motion for default judgment filed by Plaintiff Defender Services, Inc. ("Defender") against Defendants Mathis Companies, Inc., and James F. Mathis (Court File No. 70). Defendants have been properly served with the amended complaint (Court File Nos. 48, 49), but have failed to answer or otherwise defend this action. Defendants filed motions to extend the time in which to answer the complaint (Court File Nos. 51, 52), but took no other action in the case. Upon motion of Plaintiff, the clerk entered default against Defendants on August 22, 2007. In response to a show cause order issued by the Court, Plaintiff moved for default judgment. Defendants have not responded to the motion. Pursuant to Fed. R. Civ. P. 55(b)(2), the Court determines default judgment should be entered against Defendants Mathis Companies, Inc., and James F. Mathis and **GRANTS** the motion (Court File No. 70). The Clerk's Office is **DIRECTED** to close the case.

### I. BACKGROUND

According the Plaintiff's amended complaint, Panther Construction Co., Inc. ("Panther") entered into a contract to serve as the general contractor on a construction project located in

Chattanooga, Tennessee. Mathis Companies, Inc., subcontracted with Panther to provide construction-related services for this project. James Mathis is the sole shareholder of Mathis Companies, Inc. Defender subcontracted with Mathis Companies, Inc., to provide labor services, which James Mathis represented to Defender would be used on the Panther project. Defender provided labor services to Mathis Companies, Inc., between September 23, 2005, and January 6, 2006. Defender submitted invoices to Mathis Companies, Inc., for the labor provided, but was never paid. Subsequent to providing the services, Defender learned a portion of the services it provided to Mathis Companies, Inc., was not used for the Panther project and, thus, Defender was unable to rely upon a payment bond procured by Panther as surety for the protection of persons supplying labor and material for the project.

## II. CLAIMS

Entry of default judgment against a party establishes liability as a matter of law. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). In evaluating a motion for default judgment, the Court takes all well-pleaded facts related to liability in the complaint as true. However, if a claim is legally insufficient, a defaulting party may not be held liable. 10 Moore's Federal Practice § 55.32 (2007). Plaintiff alleges causes of action against Defendant Mathis Companies, Inc., for breach of contract, quantum meruit, and fraudulent misrepresentation. Plaintiff argues the Court should pierce the corporate veil and hold Defendant James Mathis jointly and severally liable for damages resulting from the claims against Mathis Companies, Inc.

According to the amended complaint, Mathis Companies, Inc., had a subcontract with Defender whereby Mathis Companies, Inc., agreed to pay Defender $144,546.86 for services

2

provided under the contract. Although Defender alleges it performed fully under the contract, Mathis Companies, Inc., failed to pay Defender and, thus, breached the contract. Based on the pleadings, Defender has adequately stated a claim for breach of contract by alleging the existence of an enforceable agreement between Defender and Mathis Companies, Inc., and the failure to meet an obligation of the agreement by Mathis Companies, Inc. Damages for breach of contract are calculated to place the non-breaching party in the position he or she would have been in, had the contract not been breached. As alleged in the amended complaint, Defender performed fully under the contract and is entitled to the contract price of $144, 546.86. As Defender has stated a claim and can recover fully under breach of contract, the Court will not evaluate the remaining claims against Mathis Companies, Inc.

Defender further alleges the Court should pierce the corporate veil as to James Mathis and hold him jointly and severally liable for Defender's damages. The existence of a corporate entity should be "disregarded upon a showing of special circumstances, such as, that the corporation is a sham or dummy so that failure to disregard it would result in an injustice." *Electric Power Bd. v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985). The most common factors weighed by Tennessee courts in determining whether to pierce the corporate veil include:

> (1) whether there was a failure to collect paid in capital; (2) whether the corporation was grossly undercapitalized; (3) the nonissuance of stock certificates; (4) the sole ownership of stock by one individual; (5) the use of the same office or business location; (6) the employment of the same employees or attorneys; (7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation; (8) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another; (9) the use of the corporation as a subterfuge in illegal transactions; (10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and (11) the failure to maintain arms length relationships among related entities.

3

*Federal Deposit Ins. Corp. v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984) (internal citations omitted); *see also Oceanics Schs. Inc. v. Barbour*, 112 S.W.3d 135, 140 (Tenn Ct. App. 2003) (citing *Federal Deposit Ins. Corp.*). No factor is controlling in determining whether to pierce the corporate veil.

Defender's amended complaint alleges Mathis Companies, Inc., was grossly undercapitalized, never issued any stock certificates, was owned solely by James Mathis, used James Mathis's residence as its business address, was used as an instrumentality or business conduit for James Mathis, had its assets diverted to James Mathis and others to Plaintiff's detriment, and was used by James Mathis as a subterfuge in illegal and fraudulent activities (Court File No. 46). Namely, Defender contends James Mathis used Mathis Companies, Inc., to obtain services from Defender with no intention of paying Defender's invoices. As Defender has adequately stated a claim for piercing the corporate veil, James Mathis can be held jointly and severally liable for the damages caused by Mathis Companies, Inc.

**III. DAMAGES**

The Court determines an evidentiary hearing would be superfluous, since the amount of damages can be calculated based on the record. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly."). Plaintiff asserts liquidated damages in the amount of $144,546.86 on its claim for breach of contract, or alternatively $144,346.86 on its claims for quantum meruit, and fraudulent misrepresentation (Court File No. 46).

4

As the Court determined above, Plaintiff adequately stated a claim for breach of contract.

Damages for breach of contract aim to place the plaintiff in the same position the plaintiff would have occupied had the breach not occurred. The amount claimed for breach of contract damages is supported by invoices submitted by Defender (Court File No. 70, Exhibit 1). James Mathis's deposition testimony conceded the accuracy of the invoices. Although he reserved the possibility the hours on his payrolls might not match the numbers on the invoices, he admitted he had no reason to believe they would not be correct. The Court has carefully reviewed the invoices to ensure $144, 546.86 is, with reasonable certainty, the correct contract price for the services rendered.

Defender also requests prejudgment interest. Tennessee law permits judges to award prejudgment interest "in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Tenn. Code Ann. § 47-14-123. As stated by the Supreme Court of Tennessee, "the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The purpose of awarding interest is to "fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing." *Id.* (citing *Mitchell v. Mitchell*, 876 S.W.2d 830, 832 (Tenn. 1994); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992)). The court must also consider two additional criteria before a court should award prejudgment interest, whether the amount of the obligation is certain and not disputed on reasonable grounds, and whether the existence of the obligation itself is disputed on reasonable grounds. *Id.* (citing *Mitchell*, 876 S.W.2d at 832). In this case, the amount of the obligation is certain and neither the existence of the obligation nor the

amount is clearly disputed. Nonetheless, prejudgment interest is not appropriate in this case. As the docket sheet shows, Plaintiff filed this action on April 20, 2006, and, while Defender initially diligently pursued its case, the last action taken by Defender without prompting by the Court was on January 10, 2008, when Plaintiff dismissed two defendants. Given the circumstances of the case, the Court determines an award of prejudgment interest would not be equitable.

## IV. CONCLUSION

Plaintiff's motion for default judgment (Court File No. 70) is **GRANTED**. Defendants Mathis Companies, Inc., and James Mathis will be held jointly and severally liable for damages in the amount of $144,546.86. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the Court will set forth a separate document entering a judgment in favor of Defender.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**